liPER CURIAM.
Respondent was previously sanctioned by this court on May 13, 1994 for neglecting certain matters and failing to cooperate with the Office of Disciplinary Counsel. He was suspended from the practice of law for two (2) years, with the sentence being deferred and placed on supervised probation for two (2) years subject to certain special conditions, one of which was “Full compliance by respondent with the Rules of Professional Conduct and prompt and full cooperation with requests by the Office of Disciplinary Counsel”. See In re Malcolm E. Decelle, Jr., No. 94-B-0235, 639 So.2d 213 (La.1994).
During his probationary period, the office of Disciplinary Counsel received a letter on April 19,1995 from Sandra Wade stating that she retained Respondent pursuant to an action for divorce and alleged that he neglected to handle her case. In addition to a divorce, Ms. Wade and her husband were to enter into a judgment as to visitation, child support and community property. Unable to obtain the consent of Complainant’s husband, respondent discussed with her the difficulties raised by the husband and further informed the court. Believing that she was entitled to her “judgment papers”, Complainant called Respondent’s office many times but was unable to speak to him. Also, she appeared at his office on several occasions without an appointment, and was unable to see him several times.
On April 28, 1995 Complainant’s letter was forwarded to Respondent by certified mail along with a letter from Disciplinary Counsel requesting a response. Respondent never filed any answer and did nothing until he appeared to defend himself at a hearing before the Disciplinary Board on July 20, 1995. An additional requirement of Respondent’s special conditions for probation required that he abstain from alcohol and continued recovery from substance abuse, and that these actions be monitored. However, during the July, 1995 hearing, he admitted that he had recently gone to bars with former drinking buddies and stated that he realized that he was skating |2on thin ice but discontinued such activity. The Disciplinary Board concluded that Disciplinary Counsel failed to show by dear and convincing evidence that Respondent neglected to handle Ms. Wade’s case, but determined that he failed to cooperate with the office of Disciplinary Counsel.
After reviewing the evidence and recommendations, the decision of this court is as follows:
A. Malcolm E. Decelle, Jr.’s probationary period is extended for an additional two (2) years, pursuant to the provisions of Rule XIX, Section 10(A)(3), commencing from the conclusion of this present probationary period.
B. Respondent shall continue to operate under the contract and agreement he signed with the Louisiana State Bar Association’s Committee on Alcohol and Drug Abuse on June 1,1994.
C. A practice monitor, separate and apart from the sobriety monitor, shall be provided for Respondent from a list of volunteers maintained by Disciplinary Counsel. Both Respondent and Disciplinary Counsel shall consult as to the identity of the practice monitor, but Disciplinary Counsel’s recommendation, subject to the approval by the Disciplinary Board, shall be appointed to serve for the remainder of Respondent’s probationary period, to extend another two (2) years from the end of his present probation.
All costs of this proceeding are assessed to Respondent.
PROBATION EXTENDED FOR TWO YEARS.